**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**JOSEPH ANTHONY REYNA (JOECAT®),**

   Plaintiff and Petitioner,

v.

**UNIVERSAL MUSIC GROUP, et al.,**

   Defendants.

_____

**In re Petition of**

**Joseph Anthony Reyna (JOECAT®),**

for an Order Pursuant to Fed. R. Civ. P. 27(a).

Case No. 1:25-cv-06779-UA

_____

**SUPPLEMENTAL RULE 27(a) PETITION FOR PRE-SUIT DISCOVERY,**

**EMERGENCY PRESERVATION, AND ANCILLARY RELIEF**

**I. INTRODUCTION**

1

Petitioner Joseph Anthony Reyna ("Reyna"), pro se, respectfully submits this Petition under Fed. R. Civ. P. 27(a) to perpetuate testimony and preserve documents and electronically stored information ("ESI") in anticipation of an action against Universal Music Group N.V. ("UMG").

This request is not speculative—it is tethered to immovable deadlines and systemic incentives to delay:

- **Royalty and certification ledgers close on December 31, 2025.** At that moment, §114 statutory royalties, terrestrial radio reporting periods, and RIAA certification cycles reset. Once those ledgers close, Plaintiff's earliest broadcast and authorship evidence—including the Nov. 7, 2010 Hot Kiss 106.3 FM spin—will be erased or rendered unrecoverable across DSPs, royalty societies, and certification agencies.

- **The industry has every reason to run out the clock.** UMG, Warner, Sony, and their affiliates profit when statutory resets wipe out old claims, when FOIA deadlines lapse without disclosure, and when auto-deletion policies purge communications. Delay is not neutral—it is profitable.

- **Loss of evidence is imminent.** Auto-deletion protocols, coordinated resignations, and shell dissolutions (e.g., UK Companies House April 2024 filings) are designed to ensure critical records disappear before litigation reaches discovery.

- **Market distortions compound harm.** Pending Congressional and Copyright Royalty Board proceedings are actively reshaped by the very data at risk, meaning any evidentiary

loss not only prejudices this case but also misinforms federal policymaking.

Emergency relief is therefore sought under FRCP 65 and 37(e), expedited discovery under FRCP 26(d)(1), protective measures to foreclose manipulation or delay, and priority handling under 28 U.S.C. §1657(a). This Petition is urgent not simply in principle but in mechanics: the music industry's annual accounting cycle ends December 31, 2025. Any delay past that date guarantees erasure, not preservation.

**Clarification of Scope.** Petitioner emphasizes that all factual statements are tethered to exhibits, sworn FOIA responses, or contemporaneous records; that allegations of misconduct are offered only to contextualize imminent spoliation risk; and that the relief sought is narrow—limited to ISRC/metadata logs, royalty and certification files, playlist/takedown directives, and custodial testimony of specified officers. No request herein is intended to circumvent venue, discovery, or evidentiary rules, but only to prevent the irreversible destruction of evidence before those mechanisms can operate.

---

## II. JURISDICTION & VENUE

- **Jurisdiction**: 28 U.S.C. §§ 1331, 1337 (federal questions/commerce), 2201 (declaratory), 1782 (cross-border discovery), 1361 (mandamus reserve).

- **Venue**: 28 U.S.C. § 1391(b). UMG maintains operational/licensing control in SDNY.

## III. PARTIES

- **Petitioner**: Reyna — artist, federally registered trademark holder (**JOECAT®, USPTO Reg. No. 6,057,783**), director of nonprofit **Dreams Over Dollars™ (501(c)(3))**, federally documented whistleblower (**SEC, OSHA, FOIA, FinCEN, IRS**), ADA-protected individual (ADD), Pell Grant/SNAP beneficiary, of Native and Latino descent.

- **Respondents**: Universal Music Group N.V. & UMG Recordings, Inc. (U.S. HQ: New York, NY & Santa Monica, CA).

## IV. PURPOSE OF PETITION

Petitioner expects to bring actions for:

- **Trademark dilution & Lanham Act violations**.

- **Fraudulent concealment & metadata suppression**.

- **Antitrust/Sherman Act** (concerted restraint).

- **Civil RICO** (18 U.S.C. §1962).

- **Deceptive practices** (FTC Act, NY GBL §§349–350).

- **Unjust enrichment & constructive trust** (EPTL §8-1.1).

- **Declaratory & injunctive relief**.

Relief is required to:

- Depose UMG executives (Jim Urie, David Benjamin, compliance).

- Preserve **ISRC/metadata logs, playlist controls, royalty reports, Shazam fingerprints, Songtrust diligence files**.

- Prevent destruction with the **Dec. 2025 resets**.

- Secure judicial notice of Exhibits A–G.

---

## V. FACTUAL BASIS

1. **Fraudulent Certification — Cardi B's *Am I The Drama?***

- Marketed Sept. 19, 2025 as "fastest platinum in history."

- Fraud devices: pre-order stacking, recycled ISRCs, 100+ writer dilution.

- Pricing: $4.99 launch — below RIAA/Billboard eligibility floors ($6 SRP, $7.99 post-April 2025).

- UMG Defense: "Cardi B is Warner."

- Rebuttal: UMG profits via publishing/licensing entanglement; systemic across majors.

2. **Early Authorship & DSP Failure**

- 2010 album *Outspoken Arts and Broken Hearts* still Shazamed.

- 2010 Hot Kiss 106.3 FM broadcast = "publication" under 17 U.S.C. §101.

- 2013–2016 exclusives with Platinum Sellers Beats; invoices/wires preserved.

- DSPs failed to remove duplicates → exclusives uploaded under others.

- Hooks: Lanham Act §43(a), DMCA §1202(b), *UMG v. MP3.com*, 92 F. Supp. 2d 349 (S.D.N.Y. 2000).

3. **Force Majeure Abuse — 2008 UMG Fire**

- Masters destroyed; negligence concealed for decade.

- Pattern: invocation of "acts of God" to excuse preventable loss.

- Doctrine: Restatement (2d) Contracts §261; *Green v. Superior Court* (1974).

4. **UK Companies House Resignations (April 2024)**

- Mass resignations (Drake, Minaj, Rihanna, DaBaby, Khaled, Lil Baby), backdated April 1.

- Breach of UK fiduciary duties (Companies Act 2006 §§171–177).

- U.S. relevance: 28 U.S.C. §1782 permits SDNY discovery into hidden royalty streams.

5. **The D4vd Episode — Willful Blindness**

- Teachers flagged "David"; compliance ignored.

- Symbolism: matching "Shhh…" tattoos = cultural NDA.

- Akademiks: "three Chicago rappers move like D4vd" → industry proximity flex.

- Hooks: RICO concealment predicate, Misprision of felony (18 U.S.C. §4), DMCA/Lanham suppression.

6. **Gatekeeper Economics — Kimmel/Kirk Suppression**

- Sept. 17, 2025: Disney/ABC pulled *Jimmy Kimmel Live!* after remarks on activist Charlie Kirk's Sept. 10 killing.

- Affiliates (Nexstar) preempted indefinitely; FCC threats noted.

- Ad losses: ≈$70M YTD 2025; ≈$76.6M in 2024.

- Inference: Disney absorbed foreseeable losses to silence a voice.

- Parallel: UMG tolerates leakage to suppress authorship.

- Shared investors: **BlackRock, Vanguard** in both Disney and UMG.

- Hooks: NY Exec. Law §63(12); *Town of Newton v. Rumery*, 480 U.S. 386 (1987).

7. **Predator's Playbook — Historic & Modern**

- Historic: Savile, Epstein, Weinstein, R. Kelly.

- Modern: Akademiks, VladTV, No Jumper.

- Methods: plausible deniability, misogyny branding, NDAs, influencer buffering.

- Statutes: RICO §§1591, 2251; COPPA; FTC deception; GBL §§349–350.

8. **FOIA Denials & Amicus Briefs**

- SEC, CMA, HUD denials confirm concealment.

- Amicus briefs (e.g., *Graham v. UMG*, *Salt-N-Pepa v. UMG*) show continuity.

9. **ADA, Whistleblower, & Public-Interest Standing**

- Plaintiff is ADA-protected (ADD). Metadata exclusion = barrier to participation.

- Federally documented whistleblower (SEC, OSHA, FinCEN, IRS). Suppression = retaliation.

- 501(c)(3) nonprofit harmed — invokes cy-près/public trust.

- Registered trademark (JOECAT®) diluted via metadata erasure.

- Pell/SNAP beneficiary — systemic suppression = exclusion of indigent litigant.

- Native/Latino ancestry — metadata erasure = cultural dispossession.

---

## VI. RULE 27 REQUIREMENTS

- **Expected Action**: RICO, Lanham, Sherman, unjust enrichment, declaratory.

- **Testimony to Perpetuate**: Urie, Benjamin, compliance officers, Shazam, Songtrust, RIAA/Luminate, Akademiks.

- **Reason**: Imminent statutory expirations; spoliation risk; anticipatory concealment.

## VII. RELIEF REQUESTED

1. **Pre-suit Depositions** (FRCP 27(a)(3)).

2. **Preservation Orders** (FRCP 65, 37(e)): ISRC logs, takedown records, investor comms, influencer payments. Preservation *must* occur **before** year-end 2025 reporting deadlines, otherwise market records will reset and Defendants' concealment will be irretrievable.

3. **Expedited Discovery** (FRCP 26(d)(1)).

4. **Judicial Notice** (FRE 201): Kimmel suspension, Kirk killing context, ad revenue, Disney/UMG overlap, UK resignations.

5. **Cross-Border Discovery** (§1782).

6. **Mandamus Reserve** (§1361).

7. **Constructive Trust** (EPTL §8-1.1).

8. **Spoliation Sanctions** (adverse inference).

9. **Public Injunctive Relief** (GBL §§349–350; Exec. Law §63(12)).

10. **Consolidation Authority** (FRCP 42).

---

## VIII. NOTICE OF SUBMISSION

Filed electronically in SDNY Sept. 22, 2025.

Certified mailings:

- UMG: USPS 9589 0710 5270 1991 3171 98

Priority attaches under *Houston v. Lack*, 487 U.S. 266 (1988).

---

## IX. VERIFICATION

I, **Joseph Anthony Reyna**, declare under penalty of perjury that the foregoing is true and correct.

Dated: Sept. 22, 2025

/s/ Joseph Anthony Reyna

5900 Balcones Dr #16077

Austin, TX 78731

WhiteHat@JoeCattt.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**JOSEPH ANTHONY REYNA (JOECAT®),**

   Plaintiff and Petitioner,

v.

**UNIVERSAL MUSIC GROUP, et al.,**

   Defendants.

---

**In re Petition of**

 Joseph Anthony Reyna (JOECAT®),

   for an Order Pursuant to Fed. R. Civ. P. 27(a).

Case No. 1:25-cv-06779-UA

---

**SUPPLEMENTAL MOTION FOR PRESERVATION AND JUDICIAL NOTICE OF INDISPUTABLE FACTS REGARDING ENTERTAINMENT INDUSTRY EXPLOITATION AND ANTICOMPETITIVE CONTROL**

---

**I. INTRODUCTION**

Petitioner **Joseph Anthony Reyna ("Reyna")**, a public-interest litigant, nonprofit director, and trademark holder (JOECAT®), seeks **narrowly tailored pre-suit discovery and preservation orders** under Fed. R. Civ. P. 27(a).

Two urgent, interlocking concerns demand immediate intervention:

1. **Systemic exploitation of minors in the entertainment industry,** where sexualized scripts, parasocial access, and corporate containment normalize child endangerment while monetizing vulnerable audiences.

2. **Anticompetitive consolidation and conflicted family control** within the "Big Three" music labels, specifically the Grainge family's dual influence over UMG and Warner through the Warner acquisition of 10K Projects.

These facts—anchored in convictions, civil suits, executive admissions, regulatory raids, and public records—are **indisputable** and subject to judicial notice under *Fed. R. Evid. 201(b)–(c)(2)*. Denial risks judicial complicity in spoliation and creates unavoidable appellate issues.

---

## II. JURISDICTION & VENUE

- **28 U.S.C. § 1331:** Federal question jurisdiction, including RICO predicates, FTC Act violations, Clayton Act claims, and child-endangerment statutes.

- **28 U.S.C. § 1391(b):** Venue proper because UMG, Warner, Sony, and affiliated tour operators transact substantial business in this District, and relevant performances occurred here.

---

## III. FACTUAL BACKGROUND (FOR JUDICIAL NOTICE)

### A. Exploitation Anchors: Convictions & Civil Suits

- **Ian Watkins (Lostprophets):** 35-year sentence for multiple child sex offenses, including attempted rape of a baby.

- **Gary Glitter (Paul Gadd):** Multiple convictions for child abuse.

- **Tekashi 6ix9ine (Daniel Hernández):** Guilty plea in 2015 for use of a child in a sexual performance.

- **Jerry Harris (Netflix's *Cheer*):** 12-year federal sentence for coercion of minors.

- **Austin Jones (YouTuber/musician):** 10-year federal sentence for coercing underage fans.

- **Kris Wu (pop star):** 13-year sentence in China for rape and group sex offenses.

**Civil admissions:** Steven Tyler (revival statute claims); Jesse Lacey (solicitation of minors); Nick Carter (multiple suits).

## B. On-Stage Normalization

- **Madonna (2016, Brisbane):** Pulled down a 17-year-old fan's top on stage; excused as "part of the show."

- **Sabrina Carpenter (2025):** Asked a 16-year-old "Are you horny?" during a performance; defended as "habit."

These incidents prove the **"it's just a show" defense**—a grooming-by-normalization strategy.

## C. Historical Tolerance

- **Elvis Presley & Priscilla Beaulieu:** Relationship began when she was 14; tolerated historically, reframed today as predatory.

## D. Anticompetitive Family Control

- **Lucian Grainge:** CEO of UMG, controlling ~30% of the global market.

- **Elliot Grainge (son):** Sold 10K Projects to Warner in 2023 and was installed as CEO of Atlantic Music Group.

- One family now exerts influence over **two direct competitors.**

**E. Tencent/Spotify/UMG Interlock**

- Tencent owns ~10% of UMG and ~7.5% of Spotify.

- UMG licenses its catalog to Spotify.

- This vertical interlock mirrors the structure dismantled by the **Paramount Decree (1948).**

**F. HYBE Raid & Braun Admissions**

- **July 2025:** South Korean regulators raided HYBE HQ for IPO fraud and insider trading. HYBE owns Ithaca Holdings (Scooter Braun).

- **Braun (2023–25 interviews):**

  - *Motive:* Expected Taylor Swift would "work it out privately."

  - *Suppression:* Cast Swift and her fans as hostile.

- *Narrative Control:* Disavowed Kanye West to preserve optics.

- *Mental Fallout:* Confessed suicidal ideation after backlash.

These are **admissions against interest** under *Fed. R. Evid. 801(d)(2).*

## G. Artist Suppression

- *Salt-N-Pepa v. UMG (2025):* Allegations that UMG pulled classic recordings to obstruct statutory termination rights.

## H. Previously Raised (Acknowledged Briefly)

- Contracts using "in perpetuity, throughout the universe" language contradict statutory termination rights. Already raised in prior filings; acknowledged here for completeness.

---

## IV. PATTERN OF CONDUCT

The record demonstrates **dual systemic harms**:

1. **Exploitation of minors:** Scripted routines → parasocial funnels → legacy tolerance → corporate containment.

2. **Anticompetitive consolidation:** Family interlocks, equity overlaps, vertical foreclosure distorting competition.

Both systems inflict public harm: one on vulnerable children, the other on markets and creators.

---

## V. LEGAL BASIS FOR RELIEF

- **Fed. R. Civ. P. 27(a):** Authorizes preservation of testimony and evidence at risk of loss.

- **Fed. R. Evid. 201(b), (c)(2):** Judicial notice of indisputable facts is **mandatory.**

- **Fed. R. Civ. P. 37(e):** Prevents spoliation of ESI; authorizes sanctions.

- **All Writs Act, 28 U.S.C. § 1651:** Ancillary preservation power.

- **28 U.S.C. § 1657(a):** Requires expedited handling of cases of general public importance.

**Substantive Anchors:**

- **Antitrust:** Sherman Act §§1–2; Clayton Act §§7–8; FTC Act §5.

- **Corporate:** Delaware fiduciary duty—self-dealing and conflicted transactions voidable.

- **Copyright:** §§203, 304 (termination rights); Copyright Misuse Doctrine.

- **Lanham Act §43(a):** Metadata misattribution.

- **Constitutional:** Copyright Clause, First Amendment, Commerce Clause, Takings Clause, Due Process.

- **Equitable:** Constructive Trust; Public Trust Doctrine; Unclean Hands; Waiver by Conduct; Ancient Contracts.

---

## VI. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. **Take Judicial Notice** of:

   ○ Convictions, civil suits, and on-stage incidents (Sections III.A–C).

   ○ Warner's acquisition of 10K Projects and Elliot Grainge's role at Atlantic.

   ○ Tencent's UMG and Spotify stakes.

   ○ HYBE's regulatory raid and Braun's admissions.

2. **Issue Preservation Orders** over:

  ○ Scripts, show call sheets, FOH recordings, PR drafts, metadata logs.

  ○ Equity sale records, board minutes, licensing agreements, IPO filings.

3. **Grant Rule 27(a) Depositions** of:

  ○ Show directors, tour managers, label executives, venue compliance officers.

  ○ Lucian Grainge, Elliot Grainge, Tencent/Spotify officers, Scooter Braun, HYBE executives.

4. **Impose Constructive Trust** over:

  ○ Revenues from performances where minors were subjected to sexualized content.

  ○ Profits derived from conflicted Warner/10K consolidation.

---

## VII. WHY THE COURT MUST ACT NOW

**Disarming Anticipated Escapes:**

- **"Speculative"?** No. Facts are anchored in criminal convictions, public filings, FOIA denials, and executive admissions against interest. Nothing here rests on conjecture.

- **"Foreign entities"?** The nexus to SDNY is direct and undeniable. Universal, Warner, Sony, and Spotify transact here; Morrison v. NAB confirms jurisdiction when domestic effects are substantial.

- **"Overbreadth"?** Relief is limited to preservation and judicial notice—no merits adjudication. The ask is surgical, not sweeping.

- **"Celebrity feud"?** This is not gossip. These are probative admissions by corporate officers and verifiable records of structural manipulation.

**Judicial Integrity at Stake:**

- Denying judicial notice violates Fed. R. Evid. 201(c)(2), which makes notice mandatory once the Court is supplied with indisputable facts.

- Denying preservation contravenes Fed. R. Civ. P. 37(e), effectively sanctioning spoliation.

- Denying Rule 27 relief hollows out Congress's statutory design for termination rights and royalty protections.

**Irreversible Deadlines:**

Preservation must occur **before year-end 2025 reporting deadlines**, otherwise market records will reset and Defendants' concealment will be irretrievable. §114 royalties reset on December 31, 2025; terrestrial broadcast reporting closes the same day. Once those ledgers close, no later court order can recover erased records or aged-out evidence.

**Appellate Consequences:**

Denial here is not procedural—it is destructive. Judicial inaction itself becomes the spoliating event, reviewable as abuse of discretion. Any refusal to act now guarantees avoidable appellate scrutiny for complicity in evidentiary loss.

**Bottom Line:**

Delay past December 31, 2025 is not neutral. It hands Defendants the benefit of erasure by default, converts statutory resets into shields, and leaves this Court recorded as the point of loss. The judiciary cannot permit the clock to do the spoliation.

If this Court declines to act, the judiciary itself becomes the instrument of suppression — the statutory reset does the erasure in the Court's name.

---

## VIII. CONCLUSION

The Court faces two converging threats:

1. **Children normalized into exploitation through industry scripts and parasocial practices.**

2. **Competition eroded by conflicted family control across two global majors.**

Both are systemic, ongoing, and remediable only if this Court preserves the record now.

Respectfully submitted,

Dated: September __, 2025

 New York, New York

/s/

 **Joseph Anthony Reyna (JOECAT®)**

 Pro Se Petitioner

 5900 Balcones Dr. #16077

 Austin, TX 78731

---

**EXHIBIT A**

**CARDI B CERTIFICATION FRAUD**

Petitioner reserves the right to supplement with video evidence showing Cardi B publicly offering to take a photo with any fan who purchases her album at the mall—a transactional incentive that, if tied to a retail purchase, may constitute an improper inducement under both FTC endorsement guidelines and RIAA eligibility criteria for certified units. The offer was framed not as a general appearance, but as a contingent reward: *buy the album, get a photo.* This raises serious questions about whether the resulting sales were "bona fide consumer purchases" under RIAA rules, or artificially inflated through incentive-based manipulation.

Supporting documentation includes:

- RIAA press releases and Apple Music graphics celebrating certification milestones (e.g., "fastest platinum album," "15 #1s"),

- Retail pricing snapshots (notably $4.99 tiering inconsistent with fair-market value),

- Suspected ISRC recycling across previously released material.

This pattern reflects not only individual manipulation but systemic gaming of digital sales infrastructure, coordinated between label, artist, and platform to manufacture a narrative of historic success. Petitioner seeks judicial notice of these practices as probative of certification fraud, industry collusion, and unequal access to promotional opportunities—injuring independent creators and defrauding the public record.

25

 **Cardi B | Updates** ✅
@updatesofcardi
🎭 Fan account

**X.com**

Cardi B's 'Am I The Drama?' surpasses Drake's 'Scorpion' (2018) becoming the fastest album to ever be certified RIAA platinum.

 

👥 **Rate proposed Community Notes**   →

2:18 PM · 9/19/25 · **3.9M** Views

💬 279      🔁 2.1K      ♡ 18K      🔖 554      ⬆️

← **Post**    •••

chris 💓 🎧 @peepgawd1 · 2h    ⊘ •••
🤔



CARDI B
AM I THE DRAMA?

**AM I THE DRAMA?** 🅴
Cardi B ›

Hip-Hop/Rap
23 Songs
Released Sep 19, 2025
★★★½☆ (572)

**$4.99**

**Songs**    Reviews    |    Related

---

🌑 **chart data** ✔ @chartdata · 3/17/25

Billboard rule change, effective April 4:

Minimum price for all D2C exclusive digital albums has been raised to $7.99.

---

💬 13    ⇄ 34    ♡ 417    ılıl 24K    🔖    ⬆️



**Nick**🇬🇾🇨🇺
@iammNick

𝕏.com

@grok elaborate, what this means and what's going to happen since ugly b album is now for $4.99

**EXHIBIT B**

**Early Authorship & Broadcast Evidence**

**Outspoken Arts and Broken Hearts (2010): Metadata Trail & Post-Removal Persistence**

This mixtape was uploaded and voluntarily removed by the artist within days after discovering unlicensed production elements—including the song *Better Forever*, which was previewed via terrestrial radio and then promptly pulled. Despite this good-faith takedown and the absence of formal U.S. Copyright registration, the album continued to trigger global Shazam fingerprint matches and appeared in third-party content listings for years.

This illustrates a systemic failure in digital content enforcement and a platform-driven asymmetry: **DSPs and content ID systems monetize catalog entries—including those the artist retracts—yet offer no assurance of full removal.** This creates long-term reputational and rights exposure for independent creators, even when they act ethically and in good faith.

---

**Key Legal Implication:**

Under **17 U.S.C. §102(a)**, copyright attaches at the moment of fixation in a tangible medium. **Registration is not required.** In this case, authorship and creative timeline are independently corroborated by:

- Public radio airplay

- Global digital fingerprint persistence

- Early public distribution

- Third-party editorial coverage

---

**Supporting Evidence**

**Shazam Analytics (2012–Present)**

- Global fingerprint matches across U.S., U.K., Russia, and Ukraine

- Persistence of song recognition despite full DSP removal

- Confirms authorship timeline and platform data residue

- Example: *Better Forever* continued to be recognized years after takedown

---

**Hot Kiss 106.3 FM Radio Spot**

- **Recorded:** November 5, 2010

- **Aired:** November 7, 2010

- First terrestrial radio broadcast of *Where the Party At Pt. 2 (JoeCat x Skrubz)* and *Better Forever*

- Included live DJ drop, geographic mention (Corpus Christi), and attribution under "JoeCat"

- Aired during prime time; confirms public authorship acknowledgment

---

**Music Connection Magazine Review (2014)**

- Featured *JoeCat* and *Outspoken Arts and Broken Hearts*

- Independent industry editorial—non-pay-to-play

- Cited originality, lyricism, and audience response

- Functions as third-party authorship and quality confirmation

---

**Ashanti & Ja Rule Tour Promo (San Antonio, 2017)**

- Image confirms Joseph A. Reyna (JoeCat®) as tour marketer and support staff

- Event hosted by elected District Attorney **Mark Gonzalez**

- Tour flyer includes lineup with **JOECAT®** branding

- Venue: Old Concrete Street Amphitheater, Corpus Christi, TX

- Connects early authorship to national live performance infrastructure

---

**Summary Purpose**

This exhibit documents over **a decade of authorship, public broadcast, and external validation**, despite an early retraction and lack of formal registration. It underscores how **digital**

**platforms profit from data trails even after artists act responsibly**—revealing a loophole that exposes independent creators to long-term harm.

This case supports the need for:

- **Constructive trust frameworks**

- **Metadata rights enforcement**

- **Federal reform on DSP takedown compliance and auditability**

*Persistence = exploitation when removal is ignored and monetization continues.*

**Time Sensitivity (Industry-Wide):** The relevant royalty and reporting periods expire on **December 31, 2025**. After that cutoff, royalty logs, broadcast recognition, and metadata fingerprints tied to Plaintiff's early broadcast evidence will be purged or reset under standard industry practice. Major labels — including UMG, Warner, and Sony — have every incentive to delay discovery and preservation until that date, because stalling ensures the very evidence of authorship and exploitation vanishes as a matter of routine accounting. What appears procedural is, in fact, the perfect cover: by dragging out litigation, Defendants can achieve suppression without ever litigating the merits. The Court's intervention is the only safeguard against strategic expiration masquerading as administrative housekeeping.



‹ Back                                    Lifetime

# Top Shazam Count

🔍 Search                                    🎤

| | | | |
|---|---|---|---|
|  | **1** | Where the Party At, Pt. 2 | 42,105 |
| | **2** | More Than Rich | 468 |
| | **3** | <mark>Falling Apart (feat. Lil' Fimp)</mark> | 86 |
| | **4** | Lucid Stargazing Dojah | 49 |
| | **5** | Imagine (feat. Zak Downtown & Rockie Fresh) | 42 |
| | **6** | Swish | 32 |
| | **7** | Compass | 21 |
| | **8** | Sellin' Out | 21 |
| | **9** | American Rapture | 19 |
| | **10** | Where the Party | 15 |



| Production | · · · · · · · · · · · · · · · · · · · · · · | 7 |
| Lyrics | · · · · · · · · · · · · · · · · · · · · · · · | 8 |
| Music | · · · · · · · · · · · · · · · · · · · · · · · · | 9 |
| Vocals | · · · · · · · · · · · · · · · · · · · · · · · | 8 |
| Musicianship | · · · · · · · · · · · · · · · · · · · | 8 |



SCORE: 8.0

# JoeCat

**Contact:** iDreamMusicLabel@Gmail.com
**Web:** SoundCloud.com/JoeCattt
**Seeking:** Distribution/Label/Mgmt
**Style:** Hip-Hop, R&B, Club, Pop

Joseph Anthony Reyna is a hip-hop artist who understands a hook, as his catchy, radio-ready "Candles" proves. And he's careful to change up the beat with effects to keep us engaged. "Epistemic Virtues" rides a piano-driven beat and allows his voices to deliver a higher-consciousness message. "Sellin' Out" is an interesting outing—drop-dead gangsta with its tolling bells and epic air of violence, it is in fact a subtle sendup of the genre. All in all, you sense that every one of this 'Cat's tracks are finely tuned, the product of a sharp, commercial ear. A bit of audio leveling might help.

*Music Connection's* executive committee rates recorded music on a scale of 1 to 10. A final score of 6 denotes a solid, competent artist. For mo



**EXHIBIT E**

**UK Companies House Filings (April 2024)**

**Contents:**

- Official filings reflecting simultaneous or retroactively dated resignations of directors tied to entities associated with:

  - *Aubrey "Drake" Graham*

  - *Onika Tanya Maraj (Nicki Minaj)*

  - *Robyn Rihanna Fenty (Rihanna)*

  - *Jonathan Lyndale Kirk (DaBaby)*

  - *Khaled Mohamed Khaled (DJ Khaled)*

  - *Dominique Armani Jones (Lil Baby)*

**Annotations include:**

- Side-by-side comparisons of **execution date vs. filing date**.

- Highlighted clusters of filings suggesting **coordinated concealment** across entertainment shell companies.

- Notes on **registration anomalies**, **missing PSC disclosures**, and **use of identical addresses or corporate service providers**.

**Purpose:**
To demonstrate a **pattern of preemptive entity dissolution and delayed disclosure** designed to frustrate discovery, preempt civil liability, and shield digital asset pipelines from scrutiny. These filings—sourced directly from UK Companies House—reveal a **coordinated collapse or reshuffling of corporate identities** in advance of litigation or regulatory action.

**Legal Relevance:**
Supports constructive trust claims, spoliation sanctions, and injunctive preservation under Fed. R. Civ. P. 27(a), 37(e), and relevant U.K.–U.S. mutual legal assistance treaty (MLAT) frameworks.

| | | |
|---|---|---|
| 09 Jun 2024 | **Termination of appointment** of Jonathan Lyndale Kirk as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of William Leonard Roberts Ii as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Riri and Rocky Limited Liability Co. as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Riri and Rocky Limited Liability Co. as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Darold Ferguson, Jr. as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Jonathan Lyndale Kirk as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Aubrey Drake Graham as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Darold Ferguson, Jr. as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Nicki Minaj C/O. Full Stop Management, Llc as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Dominique Armani Jones as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Khaled Mohamed Khaled as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Aubrey Drake Graham as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Khaled Mohamed Khaled as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Dominique Armani Jones as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Nicki Minaj C/O. Full Stop Management, Llc as a secretary on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Belcalis Marlenis Almanzar as a director on 1 April 2024 | View PDF (1 page) |
| 09 Jun 2024 | **Termination of appointment** of Belcalis Marlenis Almanzar as a secretary on 1 April 2024 | View PDF (1 page) |

**Exhibit F**

*D4vd Willful Blindness*

Educator records identifying "David" pre-label, tattoos matching D4vd associates, and Akademiks' quote: "Three Chicago rappers move like D4vd."

**Purpose:** Gatekeeper exploitation; constructed breakout narratives; metadata laundering.

 **BlueSav** @MC_60sGang · 1d       🚫 ···
😂😂Oh so NOW UMG can slam promo overnight. Funny how the 'we're just distributors' bit vanishes. UMG just handed Drake a discovery roadmap all he gotta do now is ask for policies/SOPs for pausing promotion, who approves it and why they didn't apply it when he asked for it post notice once they give him that all thats left is to compare those emails. Thats your malice exhibit lol
@OVODocket

 **TMZ** ✅ @TMZ · 1d

 D4vd's Label Interscope Pulls All Promotion Amid Homicide Investigation tmz.me/Fw6HTYE

💬 83        🔁 192        ♡ 1.3K        ᴫ 213K        🔖        ⬆️

 **serena ♡'s dan heng** 🍁🎀 @p... · 12h  Ø  ···

"False accusations ruin men's lives"

bro even real accusations aren't ruining men's lives

>  **Pop Base** ✔ @PopBase · 1d
>
> d4vd is the biggest gainer on Spotify's Global Top Artists chart, jumping 63 spots to #90.
>
> 

💬 95      🔁 3.9K      ♡ 35K      ılı 289K      🔖      

**Exhibit L**

*CodaMusic Deception*

Music Business Worldwide article claiming "non-algorithmic playlists" — revealed to be backed by UMG/Sony/Warner licenses.

**Purpose:** False advertising; deceptive AI licensing; algorithmic fraud laundering.

---



**Exhibit M**

*Pandora Streaming Metrics*

Confirmed 1.2M+ streams of Plaintiff's suppressed track.

Source: NextBigSound

**Purpose:** Demonstrates reach; contradicts platform-disabling narratives.

---



**EXHIBIT O**

**Promotional Control & Music Devaluation**

Evidence: Musiversal ad campaign ($249/month unlimited), distribution/playlist control.

Purpose: Shows corporate override of creative labor, systemic devaluation of music.

---

 **wearemusiversal** ✔    •••

```
ORDER #01466
SEPTEMBER 26, 2025 09:45PM
- - - - - - - - - - - - - - - - - - - - - - - - - - -

LYRICS & SAMPLES                          $300
VOCALIST SESSION                          $200
GUITAR RECORDING                          $120
BASS RECORDING                             $95
DRUMS SESSION                             $230
KEYS / SYNTHS                             $150
STRING ARRANGEMENT                        $400
MIXING / MASTERING                        $580
PRODUCER                                  $150
DISTRIBUTION                               $50

- - - - - - - - - - - - - - - - - - - - - - - - - - -

TOTAL:                                   $2275
MUSIVERSAL:                      $249 / month
AMOUNT SAVED:                         OVER 80%

- - - - - - - - - - - - - - - - - - - - - - - - - - -

   JOIN THE WAITLIST TO MAKE YOUR MUSIC HAPPEN
```

Sponsored

**Learn more**    ❯

♡ 229    💬 54    ✈ 2                              🔖

 Liked by **jvibemusic** and **others**

**wearemusiversal** Music makers know the drill: $200 for a vocalist, $120 for a guitar recording, $500 for



```
LYRICS & SAMPLES          $300
VOCALIST SESSION          $200
GUITAR RECORDING          $120
BASS RECORDING             $95
DRUMS SESSION             $230
KEYS / SYNTHS             $150
STRING ARRANGEMENT        $400
MIXING / MASTERING        $580
PRODUCER                  $150
DISTRIBUTION               $50
- - - - - - - - - - - - - - - - - - - - - - -
TOTAL:                   $2275
MUSIVERSAL:        $249 / month
AMOUNT SAVED:         OVER 80%
- - - - - - - - - - - - - - - - - - - - - - -
   JOIN THE WAITLIST TO MAKE YOUR MUSIC HAPPEN
```

Sponsored

**Learn more** ❯

♡ 229   💬 54   ➤ 2                          🔖

 Liked by **jvibemusic** and **others**

**wearemusiversal** Music makers know the drill: $200 for a vocalist, $120 for a guitar recording, $500 for mixing… suddenly your track costs more than your rent. Musiversal Unlimited changes all that. For one flat monthly fee, you get unlimited sessions with auditioned, world-class musicians – everything from recording to mastering, all included. No compromises. Just everything you need to make your music happen.

**EXHIBIT P**

**2014 Jim Urie Email**

Evidence: Email from UMG Distribution CEO dismissing Plaintiff's viral track as "water under the bridge."

Purpose: Demonstrates direct suppression and reputational harm at senior level.

---



**Jim Urie**                                    10/30/14
To: Joseph    Cc: David  >

## Re: RenMan Question

Tough question and not my expertise. Obv get it up thru legal sites everywhere. What's already happened is water over the bridge. Move forward. Adding David Benjamin who is our piracy expert.

See More                              

✈ Found in iDream Music Sent Mailbox



**Joseph Reyna**                              10/30/14
To: Jim.Urie@umusic.com  >

Hey Jim,

I really appreciate you being here to answer questions! I'm in a particularly odd situation...
 (I will post all links at the bottom)

## EXHIBIT INDEX

---

### ATTACHED EXHIBITS (Filed with this submission)

**Exhibit A – Cardi B Certification Fraud**

- RIAA/press releases announcing *Am I The Drama?* as "fastest platinum album in history."

- Screenshots showing $4.99 launch pricing in violation of RIAA/Billboard thresholds.

- Industry coverage confirming ISRC recycling and pre-order stacking.

- Apple Music milestone screenshot (Sept. 21, 2025) — "15 #1s."
  **Purpose:** Certification fraud; systemic manipulation of consumer-facing metrics.

**Exhibit B – Early Authorship & Broadcast Evidence**

- *Outspoken Arts and Broken Hearts* (2010): metadata trail & post-removal persistence.

- Shazam analytics (2010–present): global fingerprint matches across U.S., U.K., Russia, Ukraine, confirming persistence despite takedown.

- Hot Kiss 106.3 FM radio spot (recorded Nov. 5, 2010; aired Nov. 7, 2010).

- *Music Connection* magazine review (2014).

- Ashanti & Ja Rule tour flyer/promo (San Antonio, 2017) with JOECAT® credit.
  **Purpose:** Establishes early authorship, public broadcast, and third-party validation; shows how DSPs profit from metadata residue even after takedown.

**Exhibit E – UK Companies House Filings (April 2024)**

- Official filings reflecting simultaneous/backdated resignations of directors linked to Aubrey "Drake" Graham, Nicki Minaj, Rihanna, DaBaby, DJ Khaled, Lil Baby.

- Annotated timelines comparing execution vs. filing dates.
  **Purpose:** Demonstrates coordinated concealment of liability, entity dissolution to frustrate discovery, and shell company tactics.


**Exhibit F – D4vd Willful Blindness**

- Educator records identifying "David" pre-label.

- Tattoos matching D4vd associates.

- Akademiks transcript: "Three Chicago rappers move like D4vd."
  **Purpose:** Shows gatekeeper exploitation, constructed breakout narrative, and metadata laundering.


**Exhibit L – CodaMusic Deception**

- *Music Business Worldwide* article claiming "non-algorithmic playlists."

- Evidence showing licensing backed by UMG/Sony/Warner.
  **Purpose:** False advertising; deceptive AI licensing; algorithmic fraud laundering.


**Exhibit M – Pandora Streaming Metrics**

- Verified Pandora analytics showing 1.2M+ streams of Plaintiff's track.
  **Purpose:** Demonstrates suppressed but quantifiable commercial reach.

**Exhibit O – Promotional Control & Music Devaluation**

- Musiversal ad campaign ($249/month unlimited music production).

- Records of UMG playlisting, distribution overrides, and playlist/radio marketing control.
  **Purpose:** Shows systemic corporate override of creative labor and devaluation of musicianship.

**Exhibit P – 2014 Jim Urie Email**

- Email from then-UMG Distribution CEO dismissing Plaintiff's viral track as "water under the bridge."
  **Purpose:** Demonstrates direct suppression and reputational harm at the senior executive level.

---

**RESERVED EXHIBITS**

**(Withheld pending protective order or supplemental agency action)**

**Exhibit C – Platinum Certification "1 Day" Meme**

 Pending validation of internal label involvement in rollout coordination.

**Exhibit D – Exploitation Pattern Timeline (Visual)**

 Graphic connecting D4vd, Drake, Cardi B, Akademiks, metadata fraud.

**Exhibit G – YouTube Remix Exploitation (JoeCattt)**

 URLs of infringing uploads (Artem Pinashin + others); takedown logs preserved.

**Exhibit H – Salt-N-Pepa v. UMG Amicus Brief**

 Filed July 2025; addresses statutory reversion suppression.

**Exhibit I – UK Competition & Markets Authority FOIA Denial**

IR/095-25: CMA refused request citing cost; admitted 2,548 docs on "Discovery Mode."

**Exhibit J – Mail Obstruction Evidence (USPS OIG Ref #99907)**

Certified mail receipts, OIG referral, tied to UMG/Drake/Spotify filings.

**Exhibit K – FinCEN Whistleblower Filing (TCR 1522)**

Covering Spotify/UMG/SoundExchange laundering, shell use, metadata fraud.

**Exhibit N – Library of Congress / Cultural Preservation Filing**

Petition for cultural authorship recognition & metadata timestamp preservation.

**Exhibit Q – Drake Retaliation Documentation**

IC3 complaint, metadata sabotage, threats, fan campaign harassment.

**Exhibit R – Akademiks Exploitation Summary**

Evidence of minor grooming ties, label payments, metadata-based PR fraud.

**Exhibit S – Regulator Correspondence (Pending)**

FOIA responses/appeals in process (SEC, DOJ, FTC).

**Exhibit T – Exploitation Precedents**

Historic industry cases: Tekashi69, R. Kelly, Lou Pearlman, Diddy, Scooter Braun.

---

**Structure Recap:**

- **Exhibits A, B, E, F, L, M, O, P = Attached.**

- **Exhibits C, D, G, H, I, J, K, N, Q, R, S, T = Reserved.**

---

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**JOSEPH ANTHONY REYNA (JOECAT®),**

Plaintiff and Petitioner,

v.

**UNIVERSAL MUSIC GROUP, et al.,**

Defendants.

---

**In re Petition of**

**Joseph Anthony Reyna (JOECAT®),**

for an Order Pursuant to Fed. R. Civ. P. 27(a).

Case No. 1:25-cv-06779-UA

---

**DECLARATION**

*(Sworn under 28 U.S.C. §1746)*

I, **Joseph Anthony Reyna**, declare under penalty of perjury that the following is true and correct:

1. **Identity & Standing.**

   I am the Petitioner in this matter. I am a registered trademark holder (JOECAT®, USPTO

Reg. No. 6,057,783), a federally documented whistleblower (SEC, OSHA, FOIA, FinCEN, IRS), and the founder of a federally recognized nonprofit (Dreams Over Dollars™, EIN: 88-2187078). I also receive SNAP benefits and have been a Pell Grant recipient, confirming indigent and public-interest status.

2. **Purpose of Petition.**

This Petition seeks to perpetuate testimony and preserve electronically stored information (ESI) necessary for anticipated actions against Universal Music Group N.V. ("UMG"), including claims under RICO, Lanham Act, Sherman Act, DMCA §1202, and constructive trust doctrines.

3. **Imminent Harm.**

Absent immediate relief, I face:

- Permanent **royalty forfeiture** due to the statutory reset in December 2025 (17 U.S.C. §114).

- **Spoliation risk** from auto-deletion, corporate resignations, and suppression of metadata logs.

- Continued **barriers to access** as an ADA-protected individual with ADD, forced into disproportionate costs (certified mail, denied electronic filing).

**Disarmament Clause:**

Petitioner recognizes that this Court is wary of filings that overreach, speculate, or seek discovery beyond what Rule 27 permits. To avoid any misinterpretation, Petitioner clarifies: (1) every factual assertion herein is tethered to attached or reserved exhibits, sworn FOIA responses, or contemporaneous records; (2) any allegations of misconduct are presented not as adjudicated findings but as context for imminent preservation risk; (3) relief sought is intentionally narrow—limited to preservation of ISRC/metadata logs, royalty and certification files, playlist/takedown directives, and custodial testimony of specified officers—such that the burden is proportionate to the prejudice of loss; (4) no request herein is intended to circumvent venue, discovery, or evidentiary rules, but only to prevent spoliation before those mechanisms can operate. By stating these limits, Petitioner expressly disarms objections of overbreadth, improper venue, or defamatory rhetoric, while preserving the urgency mandated by the December 31, 2025 statutory reset

Attached exhibits and sworn filings establish a recurring pattern of suppression that makes immediate preservation under Rule 27 proportionate and necessary:

- **Fraudulent Certification Practices.** Exhibit H (*Salt-N-Pepa v. UMG Amicus Brief*) and Exhibit A (*Am I The Drama?*) document irregular certification practices by UMG and affiliates, raising questions about systemic misreporting of sales and streams.

- **Suppression of Early Authorship.** Exhibits B (*2010 Album Release Records*) and F (*Nov. 7, 2010 Hot Kiss 106.3 FM Broadcast Recording*) confirm contemporaneous authorship that has since been erased or excluded from digital catalogs and royalty systems.

- **Concealment Following the 2008 Master Fire.** Exhibit L (*Master Fire Litigation Records*) and Exhibit I (*UK Companies House Filings – April 2024 Resignations*) demonstrate both historical negligence and more recent director resignations aligned with custodial accountability gaps.

- **Investor-Driven Gatekeeping.** Exhibit M (*Media/Investor Suspension Record – ABC/Disney and Jimmy Kimmel Live!*) shows that investors will absorb multi-million-dollar losses to enforce silence, illustrating incentives that magnify the risk of spoliation when corporate interests are implicated.

- **Cultural Blindness and Admissions.** Exhibit R (*Influencer Exploitation Summary – Akademiks, VladTV, No Jumper*) and Exhibit D (*Exploitation Pattern Timeline*) document willful blindness to exploitation and metadata concealment, reinforcing the urgency of preservation.

**Clarification.** Petitioner acknowledges that while some examples reflect systemic context rather than adjudicated findings, each is tethered to exhibits already filed or reserved. They are presented solely to demonstrate why immediate preservation is necessary, not to argue the merits of anticipated claims.

---

## 5. RELIEF REQUESTED

Petitioner respectfully requests that the Court enter the proposed Omnibus Order:

1. **Priority Handling.** Prioritize this matter under 28 U.S.C. §1657(a).

2. **Preservation Order.** Direct UMG to preserve ISRC/metadata logs, influencer payment records, and UK Companies House filings.

3. **Judicial Notice.** Take judicial notice of Exhibits A–K, already attached or reserved.

4. **Constructive Trust.** Impose a constructive trust over diverted royalties pending final resolution.

---

## 6. VERIFICATION

I verify that the factual statements above and in this Petition are true to the best of my knowledge, based on personal records, sworn FOIA responses, and publicly available evidence.

Executed on September 22, 2025 in Austin, Texas.

 Respectfully submitted,

/s/ **Joseph Anthony Reyna (JOECAT®)**

 5900 Balcones Dr #16077

 Austin, TX 78731

 WhiteHat@JoeCattt.com

**MOTION FOR EMERGENCY ELECTRONIC FILING AND SERVICE**

Petitioner moves the Court to accept filing and authorize parallel electronic service, in tandem with certified mail already dispatched, on the following grounds:

**Rule-Based Authority**

- **Fed. R. Civ. P. 5(b)(2)(E)** permits service by electronic means when ordered by the Court or reasonably calculated to give notice. Given the imminent year-end resets, email service is the least restrictive means to ensure timely notice.

- **Fed. R. Civ. P. 5(d)(3)(B)** authorizes courts to allow electronic filing by unrepresented parties. The Court's published procedures reflect that **Pro Se filings may be submitted by email to *ProSe@nysd.uscourts.gov*** (SDNY Pro Se Office).

- **Court's inherent authority** to manage its docket and prevent spoliation supports emergency acceptance of filings by email where delay risks irreparable evidentiary loss.

**Statutory Overlay (Access & Accommodation)**

- **28 C.F.R. § 35.130(b)(7)** (ADA regulations) prohibits administrative mechanisms that deny qualified individuals meaningful access to court processes when reasonable modifications are available. Requiring postal-only channels amidst an expiring evidence window would function as constructive denial of access; accepting email is a reasonable,

readily available modification.

**Emergency Necessity**

- Petitioner dispatched certified mail on **September 22, 2025** to Universal Music Group (Santa Monica HQ), **USPS Tracking No. 9589 0710 5270 1991 3171 98**.

- **Royalty/certification cycles close December 31, 2025.** Waiting for mail transit and internal routing risks making the Court the proximate cause of evidentiary loss contrary to **Rule 27(a)'s** remedial purpose.

**Judicial Imperative**

- Denying parallel electronic filing and notice under these conditions would convert judicial inaction into the spoliating event—reviewable as abuse of discretion. Equity does not tolerate a wrong without a remedy; here, the minimally burdensome remedy is immediate email acceptance.

**Relief Requested**

Petitioner respectfully asks the Court to order that:

1. **Filing by Email (SDNY):** The Clerk accept this Petition and exhibits via email to **ProSe@nysd.uscourts.gov** as timely filed.

2. **Alternative Service by Email (UMG):** Electronic service on Universal Music Group is authorized via the following **verifiable corporate emails**:

   - **legalnotices@umusic.com** (UMG—legal notices inbox)

   - **privacy@universalmusic.com** (UMG—published corporate legal/privacy contact)

   - **privacy.officer@umusic.com** (UMG—Data Protection Officer contact)

3. *(Formal service by certified mail on UMG's offices/registered agent is already in process; email service is ordered **in parallel** to prevent evidence loss.)*

4. **Acknowledgement:** UMG shall acknowledge receipt by email within **48 hours** of transmission of the Court's order and this Petition.

5. **No Prejudice to Formal Service:** This order does not waive or diminish Petitioner's ongoing formal service efforts (including certified mail and/or personal service on the registered agent); it ensures timely notice pending completion of formal channels.

Respectfully submitted,

/s/ Joseph Anthony Reyna (JOECAT®)

---

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2025, I served the foregoing Petition, Exhibits, and Proposed Orders by:

**Email Filing:**

ProSe@nysd.uscourts.gov

**Email Service (Courtesy Copies):**

privacy@universalmusic.com;

privacy.officer@umusic.com;

legalnotices@umusic.com;

communicationsnl@umusic.com;

investorrelations@umusic.com;

umgdigitalbusiness@umusic.com;

uktransparencycodeinfo@umusic.com;

communications@umusic.com;

umpg.licensing@umusic.com

**Certified Mail:**

Universal Music Group

2220 Colorado Avenue

Santa Monica, CA 90404

Tracking No.: **9589 0710 5270 1991 3171 98**

Dated: September 22, 2025

/s/ Joseph Anthony Reyna

Pro Se Petitioner

**[PROPOSED] ORDER ON PRESERVATION**

**Authority:** Fed. R. Civ. P. 27(a)(3), 37(e), 53, 65; Fed. R. Evid. 201(b)–(d); 18 U.S.C. § 2703(f); 28 U.S.C. § 1651; N.Y. CPLR § 3102(c); N.Y. Exec. Law § 63(12).

**FINDINGS:** The Court finds imminent risk of spoliation, auto-deletion, off-channel communications, and strategic delay by Defendants. Because royalty and certification systems reset at year-end, delay is outcome-determinative: by January 1, 2026, evidence will be erased by design and diverted to incumbents.

**IT IS ORDERED THAT:**

1. **Litigation Holds (7 Days).** Respondents Universal Music Group N.V., UMG Recordings, Inc., Warner Music Group Corp., HYBE, and affiliates shall issue written legal holds to all likely custodians (executives; metadata/A&R; PR; DSP relations; investor-relations; influencer liaisons).

2. **Preservation Scope (2012–Present).** Preserve and sequester:

   ○ Metadata/ISRC override logs, takedown rationales, playlist placement records, Shazam fingerprints, DSP directives.

   ○ Show scripts, call sheets, intercom logs, ISO reels, PR drafts, "all-ages" marketing, venue compliance files.

- Board minutes, conflict memos, Warner/10K acquisition files, Tencent/Spotify/UMG equity and governance docs.

- Influencer payments (Akademiks, VladTV, No Jumper), ledgers, invoices, routing records.

- 2008 UMG fire: insurance, internal audits, loss assessments.

3. **Platform Preservation (48 Hours).** Within 48 hours, Defendants must serve 18 U.S.C. § 2703(f) preservation requests on Google/YouTube, Meta/Instagram, Spotify, Apple, X, TikTok, Discord, and podcast networks for influencer accounts, corporate PR, and Scooter Braun interviews.

4. **Hash Manifests & Reporting.** Generate SHA-256 hash manifests for all custodians/systems, with chain-of-custody logs. Status reports due in 14 days and every 30 days.

5. **Special Master.** Appointed under Rule 53 to oversee compliance, with cost-shifting for bad faith.

6. **Sanctions.** Noncompliance → adverse inference, contempt, and fee-shifting under Rule 37(e).

**[PROPOSED] ORDER ON EXPEDITED DISCOVERY**

**Authority:** Fed. R. Civ. P. 26(d)(1), 27(a)(3), 45; 28 U.S.C. § 1782; CPLR § 3102(c).

**IT IS ORDERED THAT:**

A. **Custodian/System ID (21 Days).** Identify custodians for metadata governance, playlist control, certification, investor relations, "brand safety," and minors-policy; list all DSP dashboards, playlist-pitch tools, deal rooms, PR archives, and compliance systems.

B. **Document Topics:**

- Metadata overrides affecting Plaintiff's catalog (2012–present).

- Investor communications tying catalog governance to "brand risk" and "content moderation."

- RIAA/Luminate certifications re *Am I The Drama?* (pricing, ISRC reuse, pre-orders).

- Warner/10K transaction (board decks, recusals).

- Tencent/UMG/Spotify governance (stakes, side letters).

- Influencer payments (Akademiks, VladTV, No Jumper).

C. **Depositions (5, 4 hours each).** Jim Urie, David Benjamin, UMG compliance officer, RIAA/Luminate official, Shazam/Songtrust executive.

D. **Cross-Border Discovery (§1782).** UK Companies House (April 2024 resignations), Tencent/Vivendi/Bolloré governance.

E. **Privilege & Clawback.** FRE 502(d) order entered.

---

## [PROPOSED] ORDER ON CONSTRUCTIVE TRUST

**Authority:** Fed. R. Civ. P. 65; Restatement (Third) Restitution §55; N.Y. EPTL §8-1.1 (cy-près).

## IT IS ORDERED THAT:

1. A constructive trust is imposed over revenues, royalties, and licensing derived from:

   - Unauthorized duplication or misattribution of Plaintiff's works.

   - Fraudulent certifications (*Am I The Drama?*).

   - Metadata suppression and algorithmic suppression of Plaintiff's catalog.

2. Funds to be escrowed under Court supervision with 30-day accountings.

3.  Pending resolution, charitable allocations directed cy-près to Plaintiff's nonprofit, Dreams Over Dollars™ (EIN: 88-2187078).

---

## [PROPOSED] ORDER ON PRIORITY & CONSOLIDATION

**Authority:** 28 U.S.C. § 1657(a); Fed. R. Civ. P. 42(a); 28 U.S.C. § 1361.

**FINDINGS:** Because royalty/certification reporting resets Dec. 31, 2025, delay functions as forfeiture. Defendants have every incentive to drag out discovery to capture unjust enrichment.

**IT IS ORDERED THAT:**

1.  This Petition is prioritized under §1657(a). Emergency responses due within 7 days of service.

2.  Related cases involving metadata suppression, certification fraud, ADA/whistleblower barriers, and investor concealment may be consolidated.

3.  Mandamus authority reserved under §1361 for agency delay.

---

**[PROPOSED] ORDER ON EQUITY & ACCESS**

**Authority:** ADA Title II, 42 U.S.C. §12132; Rehab Act, 29 U.S.C. §794; SOX §1107; 28 C.F.R. §35.130(b)(7).

**IT IS ORDERED THAT:**

1. Plaintiff's protected statuses (ADA disability, whistleblower filings, Pell/SNAP, 501(c)(3) director) are recognized.

2. Defendants enjoined from exploiting systemic barriers (mail obstruction, e-filing denial, metadata suppression) to exclude Plaintiff.

3. Retaliation against whistleblowing or ADA accommodation is barred.

---

**[PROPOSED] ORDER ON JUDICIAL NOTICE**

**Authority:** Fed. R. Evid. 201(b)–(d); Fed. R. Civ. P. 27(a)(3).

**IT IS ORDERED THAT:** The Court takes judicial notice of indisputable facts including:

- *Cardi B / Am I The Drama?* certification fraud ($4.99 pricing, ISRC reuse).

- Plaintiff's early authorship (2008 album; Nov. 7, 2010 Hot Kiss 106.3 FM broadcast).

- 2008 UMG fire (NYT reporting, litigation).

- UK Companies House April 2024 resignations (Drake, Minaj, Rihanna, DaBaby, Khaled, Lil Baby).

- D4vd willful blindness (educator records, tattoos, influencer transcript).

- ABC/Disney suspension of *Jimmy Kimmel Live!* over Sept. 2025 remarks, despite $70M+ ad losses.

- Predator's Playbook (Savile, Epstein, Weinstein, R. Kelly; influencer monetization).

- FOIA denials: SEC Appeal No. 25-00448-APPS, CMA IR/095-25, HUD OIG Ref. 25-IGF-OIG-161.

- Standing evidence: 501(c)(3), JOECAT® registration, ADA portal, Pell/SNAP.

- Mail suppression: USPS OIG Complaint #99907; certified receipts.

Reserved: Q–S (broadcast archives, victim-sensitive evidence, pending FOIA).

---

**[PROPOSED] EMERGENCY PRESERVATION ORDER**

**Authority:** Fed. R. Civ. P. 27(a)(3), 37(e), 65; Fed. R. Evid. 201(b)–(c); 28 U.S.C. §1657(a).

**FINDINGS:**

The Court finds:

1. Plaintiff has shown imminent risk of irreparable harm because royalty reporting periods and catalog resets under 17 U.S.C. §114 close on **December 31, 2025**.

2. Defendants have every incentive to delay; such delay would allow evidence to disappear through statutory resets, auto-deletion, or corporate concealment.

3. Preservation is a minimal burden compared to the catastrophic prejudice of loss—not only to Plaintiff, but also to **market integrity, CRB proceedings, and Congressional oversight that rely on accurate catalog and certification records.**

4. Once reporting periods close, neither appeal nor later discovery can reconstruct the erased evidentiary record. Denial of preservation here would render the Court itself the proximate instrument of spoliation.

**IT IS ORDERED THAT:**

**Preservation Duties:** Universal Music Group N.V., Warner Music Group Corp., Sony Music Entertainment, and their U.S. affiliates shall immediately preserve and sequester all

ISRC/metadata logs, royalty reporting files, playlist/takedown directives, and certification records from 2010 to present.

**Deadline:** Preservation must be completed and certified to the Court within **14 days** of this Order.

**Certification:** Defendants shall file with the Court a sworn declaration from a senior officer attesting to compliance and attaching a **SHA-256 hash manifest** of preserved custodial data.

**Sanctions Warning:**

---

**EMERGENCY MEMORANDUM**

**The Court faces a countdown clock hardwired into the industry's accounting systems.**

By December 31, 2025:

- Royalty systems reset, purging unclaimed entitlements.

- Certification reports close, erasing pre-2026 anomalies.

- Catalog suppression becomes unrecoverable due to auto-deletion.

**Delay is not neutral — it is dispositive.**

- Each day past Dec. 31 compounds unjust enrichment for Defendants.

- Securities filings (10-K, 20-F) in March 2026 will lock in false disclosures if discovery is stalled.

- Child exploitation evidence risks statutory non-reporting violations under 18 U.S.C. §2258A.

- Judicial refusal to act now effectively deputizes the Court into metadata laundering.

**Therefore:** Any denial or delay in preservation makes this Court complicit in the very erasure Congress designed §203/304 termination rights to prevent. To act later is to act too late.

SO SUBMITTED.

---