UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ANTHONY REYNA aka JoeCat,

                    Petitioner,

          -against-

UNIVERSAL MUSIC GROUP N.V.; UMG
RECORDINGS, INC.,

                    Respondents.

25-CV-6779 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner, who resides in Texas and is appearing *pro se*, brings this action styled as a Rule 27 petition for pre-suit discovery and preservation relief (ECF 1). Petitioner also filed a submission titled, "Supplemental Rule 27(A) Petition For Pre-Suit Discovery, Emergency Preservation, And Ancillary Relief" (ECF 16). The Court treats these applications together as the operative petition.[1]

By order dated December 12, 2025, the Court granted Petitioner's request to proceed *in forma pauperis* , that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this Rule 27 petition, without prejudice to Petitioner's filing a new civil action against Respondents.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint or petition, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or

---

[1] In his initial petition, Petitioner named Universal Music Group, N.V. ("UMG") as Respondent, and in his supplemental petition, Petitioner also added Respondent UMG Recordings, Inc. Below, the Court directs the Clerk of Court to add UMG Recordings, Inc. to the docket as an additional respondent.

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

The Court must also dismiss an action when the Court lacks subject matter jurisdiction of the

claims raised. *See* Fed. R. Civ. P. 12(h)(3).While the law mandates dismissal on any of these

grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,

72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) ().

## BACKGROUND

The following facts are drawn from the petition.[2] Petitioner describes himself as an artist,

trademark holder, director of a nonprofit, and a "federally documented whistleblower." (ECF 16

at 4.) He indicates that he has a registered trademark for JOECAT® (USPTO Reg. No.

6,057,783). Since 2010, Petitioner has continuously used the mark JOECAT® as a professional

recording artist, for music releases, on-air and broadcast appearances, digital streaming, live

events, branded promotion, and nonprofit activities. He asserts that Respondents Universal

Music Group and UMG Recordings, Inc., through "authorship erasure," "metadata suppression,"

royalty diversion, and "algorithmic suppression," have infringed, diluted, and harmed the

JOECAT® trademark.

Petitioner states that he filed suit against UMG in a Texas state court in Bexar County,

Texas, but he faced "judicial nullification by silence" because he never received a docket number

or any judicial ruling, even though he alleges that he has complied with procedural requirements.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original pleading unless noted otherwise.

(ECF 1 at 6.) He further indicates that he anticipates bringing an action against Respondents for trademark dilution and Lanham Act violations, fraudulent concealment, antitrust violations under the Sherman Act, civil Racketeer Influenced and Corrupt Organizations (RICO) Act violations, deceptive practices under the Federal Trade Commission (FTC) Act and NY General Business Law, and unjust enrichment. Petitioner styles this action as a petition, under Rule 27(a) of the Federal Rules of Civil Procedure, to perpetuate testimony and preserve documents and electronically stored information in anticipation of such an action against Respondents.

Petitioner seeks pre-suit depositions of UMG executives, preservation of ISRC/metadata logs, and prevention of evidence destruction. Specifically, he suggests deposing Jim Urie, a former UMG Distribution CEO, and David Benjamin, whom he identifies as UMG's "piracy expert." (ECF 16 at 49.) He also suggests deposing Daniel Hayes, Gabrielle Ware, and unspecified UMG promotional executives, as well as an unnamed UMG compliance officer, a "RIAA/Luminate official," and a "Shazam/Songtrust executive." (ECF 1 at 27; ECF 16 at 66.) In addition, Petitioner seeks to depose UMG employees knowledgeable about UMG's metadata ingestion and suppression practices. Petitioner contends that a loss of evidence is imminent due to industry-wide auto-deletion protocols, corporate resignations, shell dissolutions, and statutory "reporting resets" that will occur December 31, 2025. He contends that there is a risk of destruction of evidence due to systemic issues like the 2008 UMG fire.

In addition to his petition (ECF 1) and supplemental petition (ECF 16), Petitioner has continuously submitted additional pleadings in this action, often multiple times per day. (ECF 2-15, 17-90.)

Petitioner also has brought multiple actions in this court, and he has sought leave to file an amicus brief in *James et al v. UMG Recordings, Inc.*, No. 25-CV-4182 (DLC) (S.D.N.Y.)

(ECF 44-45).[3] He is subject to a pre-filing bar in the United States District Court for the Western District of Texas. *See Reyna v. Cap. One Fin. Corp.*, No. 1:25-CV-01498 (ADA), 2025 WL 3132239, at *1 (W.D. Tex. Nov. 6, 2025) ("Plaintiff is BARRED from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge."); *Reyna v. Nelson*, No. -25-CV-1676 (ADA) (ML), 2025 WL 3200764, at *3 (W.D. Tex. Oct. 27, 2025) (agreeing with another judge who held that "Reyna's 'wasting of increasingly scarce judicial resources must be brought to an end.'") (citation omitted), *report and recommendation adopted*, 2025 WL 3198187 (W.D. Tex. Nov. 13, 2025).

## DISCUSSION

### A.    Petition to Perpetuate Testimony

Petitioner brings this action as a Rule 27 petition to perpetuate testimony. As an initial matter, the Court notes that Rule 27 petitions are generally treated as miscellaneous actions, rather than civil actions:

> Pursuant to Fed. R. Civ. P. 27, "person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." These petitions are filed prior to the inception of any civil action in the district and are assigned a miscellaneous number.

District Clerks' Manual § 4.03.(a)(1)(vii).

Although this petition might therefore have been treated as a miscellaneous action, because the Court determines for the reasons explained below that the Rule 27 petition must be

---

[3] *See In re: Joseph Anthony Reyna*, No. 25-CV-10171 (LTS) (S.D.N.Y. Dec. 11, 2025) (directing that Rule 27 petition opened as a civil action be refiled as a miscellaneous action); *Reyna v. Combs*, No. 25-CV-9608 (S.D.N.Y. filed Nov. 17, 2025); *Reyna v. Graham*, No. 25-CV-6777 (LTS) (S.D.N.Y. filed Aug. 12, 2025) (Rule 27 petition).

4

dismissed, there is no reason to have this civil action closed and then reopened as a miscellaneous action.

To successfully make out a case for a Rule 27(a) deposition prior to litigation, a petitioner must show:

> (1) that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought,
>
> (2) the subject matter of the expected action and the petitioner's interest therein,
>
> (3) the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it,
>
> (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and
>
> (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioners expects to elicit from each.

Fed. R. Civ. P. 27(a)(1).

Rule 27 petitioners must "(1) furnish a focused explanation of what they anticipate any testimony would demonstrate; (2) establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought; and (3) make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed." *Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016) (cleaned up). "[T]he decisions construing Rule 27 make it clear that the purpose of the rule is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence." *In re Wolfson*, 453 F. Supp. 1087, 1096 (S.D.N.Y. 1978); *In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) ("Rule

27 may not be used as a vehicle for discovery prior to filing a complaint."). Petitioner has previously been notified of these Rule 27 requirements.[4]

Courts in this Circuit have held that "Rule 27 contemplates only the perpetuation of testimony, not document preservation." *Wimberly v. Action IQ, Inc.*, No. 21-CV-9000 (RA) (SN), 2022 WL 2531818, at *4 (S.D.N.Y. Jan. 10, 2022), *R & R adopted*, 2022 WL 2532175 (S.D.N.Y. Jan. 31, 2022); *see also Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009) (holding that ""there [is] doubt as to whether the documents and things [plaintiff] seeks (*e.g.*, the video tape) are discoverable under Rule 27. . . . Rule 27 speaks only of depositions to perpetuate testimony whereas the thrust of the amended petition is principally to obtain the video tape and incident reports."). Some district courts have noted that documentary evidence may be discoverable under Rule 27 *in connection with* a deposition. *See*, *e.g.*, *Petition of Ingersoll-Rand Co.*, 35 F.R.D. 122, 124 (S.D.N.Y.), *on reh'g*, 35 F.R.D. 568 (S.D.N.Y. 1964) ("[T]he argument that documentary evidence cannot be obtained for a deposition under Fed. R. Civ. P. 27 is entirely unsound. There is no reason why a subpoena *duces tecum* should not issue under Fed. R. Civ. P. 45(d) in connection with a deposition under Fed. R. Civ. P. 27.").

The petition makes clear that Petitioner seeks general discovery of evidentiary material, rather than seeking to preserve known deposition testimony. He contends that is unable to formulate or plead a complete complaint for damages without the evidence sought to be

---

[4] *See, e.g., Reyna v. Wells Fargo Bank, N.A.*, No. 25-CV-1356 (RP) (ML), 2025 WL 3511299, at *2 (W.D. Tex. Oct. 27, 2025) ("Reyna has failed to satisfy the requirements of Rule 27(a) because he has not shown why he cannot presently bring suit. Reyna contends that 'key materials ... are solely in [Defendants] custody," and that he "cannot meet Rule 8 [without this evidence].' Compl. at 2. However, 'Rule 27 affords relief only to those petitioners seeking to 'perpetuate testimony.' It is well-established in case law that perpetuation means the perpetuation of known testimony."), *report & recommendation adopted in relevant part*, 2025 WL 3504934 (W.D. Tex. Dec. 4, 2025).

preserved, but general pre-suit discovery is not a proper basis for a Rule 27 petition. *See Wolfson*, 453 F. Supp. at 1096; *Allegretti*, 229 F.R.D. at 96 ("Rule 27 may not be used as a vehicle for discovery prior to filing a complaint."). Petitioner also relies on the fact that all of his requests to file amicus briefs in proceedings involving UMG have been denied and argues that such "amicus denials . . . reinforce the necessity for judicial preservation of evidence under Rule 27 of the Federal Rules of Civil Procedure." (Complaint, ECF 1 at 13, 47) ("Petitioner has been denied *amicus* standing in every related filing, *Durst v. UMG*, *Graham v. UMG*, *People v. Daystar Peterson*, and others.").

Although Petitioner has identified some individuals affiliated with UMG whom he would like to depose, the operative petition does not have a "focused explanation of what [he] anticipate[s] any testimony would demonstrate." *Bryant*, 666 F. App'x at 16. Petitioner also does not identify any reason why their testimony would be lost, such as deponents' illness or imminent death. Instead, he refers generally to a loss of institutional memory, not anticipated unavailability of witnesses themselves; he also suggests that evidentiary material might be lost due to general industry-wide auto-deletion protocols, corporate resignations, shell dissolutions, and statutory reporting resets that will occur December 31, 2025. (ECF 16 at 5.) Moreover, the primary thrust of the petition is the preservation of documentary evidence, which alone is not a proper basis for a Rule 27 petition. *See Wimberly*, 2022 WL 2531818, at *4 ("Rule 27

contemplates only the perpetuation of testimony, not document preservation").[5] For all of these reasons, the Court denies Petitioner's Rule 27 petition to perpetuate testimony.[6]

**B.      Leave to amend**

Generally, a court should not dismiss a *pro se* action "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Leave to amend may also be denied if the plaintiff has already had an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

---

[5] By contrast, the general duty to initiate a litigation hold "to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *In re Frontier Commc'ns Corp.*, 666 B.R. 260, 284 (Bankr. S.D.N.Y. 2025) ("A party's duty to preserve is based on a two-part inquiry: (1) when did the duty to preserve arise, and (2) what evidence was the party obligated to preserve?"). This duty requires parties to suspend routine document retention or destruction policies and implement a litigation hold to ensure the preservation of relevant documents and it attaches, "at a minimum," on the date of filing a complaint. *Passlogix, Inc. v. 2FA Technology, LLC*, 708 F. Supp. 2d 378, 413 (2010).

[6] This decision resolves Petitioner's motion to perpetuate testimony under Rule 27 and does not address whether Petitioner states any claim against Respondents.

Petitioner has previously brought Rule 27 petitions that were dismissed on grounds similar to those identified here. *See*, *e.g.*, *Reyna* , 2025 WL 3511299, at *2; *Reyna v. Cap. One Fin. Corp.*, No. 1:25-CV-01498 (ADA) (SH), 2025 WL 3134296, at *3 (W.D. Tex. Oct. 1, 2025) (Reyna "neither identifies any proposed deponent nor describes the expected testimony of any proposed deponent. He does not explain why he cannot bring an action now. Nor does he describe the facts he seeks to establish by the proposed testimony. Because Reyna's petition does not satisfy Rule 27(a), it is frivolous."), *R & R adopted*, 2025 WL 3132239 (W.D. Tex. Nov. 6, 2025). The Court therefore declines to grant Petitioner leave to replead.

## CONCLUSION

The Court treats the petition (ECF 1) and supplemental petition (ECF 16) together as the operative petition. UMG Recordings, Inc. is named as a respondent in the supplemental petition, and the Court directs the Clerk of Court to add UMG Recordings, Inc. to the docket as an additional respondent. The petition to perpetuate deposition testimony, pursuant to Rule 27 of the Federal Rules of Civil Procedure, is dismissed. The Court directs the Clerk of Court to terminate any pending motions and enter judgment.

SO ORDERED.

Dated:    December 15, 2025
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

9